UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON H. NICKEY,

      Plaintiff,

  - against -

WEST SIDE YMCA,

      Defendant.

09 Civ. 3611 (RJH)

**MEMORANDUM OPINION AND ORDER**

Richard J. Holwell, U.S. District Judge:

  Plaintiff Aaron Nickey ("Nickey") brings this action *pro se* alleging that his former employer discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*  Defendant West Side YMCA ("YMCA") now moves to dismiss.  For the reasons given below, that motion is granted.

## PROCEDURAL HISTORY

  In July of 2007, YMCA terminated Nickey's employment.  (*See* Amended Compl. 3.) That same month, Nickey filed a complaint with the New York State Division of Human Rights ("SDHR"), the agency charged with enforcing New York law prohibiting employment discrimination, *see* N.Y. Exec. Law §§ 295(6), 296(1), and a charge with the Equal Employment Opportunity Commission ("EEOC").  (*See* Def.'s Br. Exh. B.)[1]  After investigating plaintiff's claims, SDHR concluded that probable cause of employment discrimination was lacking, and dismissed plaintiff's complaint.  (*See id.* Exh. C.)  On April 17, 2008, the EEOC adopted the

---

[1] The Court may take judicial notice of state administrative records, which are publicly available, without converting the motion to one for summary judgment.  *See Evans v. New York Botanical Garden*, No. 02-3591, 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002).

findings of SDHR and issued a Dismissal and Notice of Rights letter to the plaintiff.[2]  (*See id.* Exh. D.)

On February 19, 2008, Nickey filed an Article 78 action in the New York State Supreme Court seeking review of the SDHR dismissal.  (*See id.* Exh. E.)  In an opinion issued on December 9, 2008, the New York State Supreme Court affirmed the SDHR's decision.  Nickey does not dispute that he failed to appeal that decision to the Appellate Division.  On April 15, 2009, Nickey filed suit in this Court.

## DISCUSSION

On a Rule 12(b)(6) motion to dismiss, a court must accept the allegations of the complaint as true and draw all reasonable inferences in plaintiff's favor.  *See Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 124 (2d Cir. 2009).  Still, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly* ).

Whether Nickey's claims are plausible or not, collateral estoppel precludes him from pursuing them in this Court.  A federal court "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).  In New York, collateral estoppel applies "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier

---

[2] If the EEOC decides not to take action against an employer, it is required under federal law to give notice to the aggrieved person of his or her right to sue in federal or state court within 90 days of receipt of the notice letter.  42 U.S.C. § 2000e-5(1).

action." *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002) (internal quotation marks omitted). Because the SDHR's "panoply of procedures, complemented by administrative as well as judicial review," comports with due process, *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 484, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the Supreme Court has held that an Article 78 proceeding that affirms an SDHR determination of no probable cause is entitled to preclusive effect. *Id.* at 483–85; *see Yan Yam Koo v. Dep't of Bldgs. of City of New York*, No. 06-2454, 2007 WL 643324, at *2 (2d Cir. Feb. 28, 2007) ("[A] New York state court affirmation of the [SDHR's] finding of no probable cause would preclude federal litigation based on the same facts."); *Bray v. New York Life Ins. Co.*, 851 F.2d 60, 62 (2d Cir. 1988) ("[A] federal court in a Title VII case must give preclusive effect to a decision of a state court upholding a state administrative agency's rejection of an employment discrimination claim.").

These principles control here. Nickey could have filed suit in federal court, but instead chose to bring his employment discrimination claim in an Article 78 proceeding in New York state court. The New York court upheld SDHR's rejection of his claim. Because Nickey seeks redress in this Court based on precisely the same allegations, the Court must give preclusive effect to the New York court's decision. *See Goodson v. Sedlack*, 212 F. Supp. 2d 255, 258 (S.D.N.Y. 2002) (internal quotation marks and citations omitted) ("[While i]t is understandable that plaintiff, no doubt believing that he should have prevailed in the first litigation, seeks another forum to press his claims[,] . . . a litigant is not permitted to litigate the same case twice.").[3]

---

[3] This analysis is unchanged by plaintiff's statement, in his opposition, that he "never got a fair shot at presenting [his] case." (Pltf.'s Opp. at 1.) That unsupported allegation is not on its own enough to state a plausible claim for relief. *See Twombly*, 550 U.S. at 570.

Collateral estoppel is a sufficient basis for dismissing the case. But even if the Court were to rule that plaintiff's claims are not precluded in these circumstances, dismissal would still be justified because Nickey filed his federal claim late. To be timely, a Title VII claim must be filed in federal court within 90 days of receipt of the EEOC's notice and right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); see *Smith v. Henderson*, 137 F. Supp. 2d 313, 317 (S.D.N.Y. 2001) ("Failure to comply with the time limitations warrants dismissal of the complaint."). If it is not—barring some equitable consideration, which Nickey has not raised here—the complaint should be dismissed. Here, the EEOC issued a right-to-sue letter to Nickey on April 17, 2008. He had ninety days from receipt of that letter to timely file a lawsuit in federal court. Instead, Nickey waited nearly a year to file suit.

## CONCLUSION

For the reasons above, defendant's motion [20] is granted and the action is dismissed. The Clerk of the Court is requested to close the case.

SO ORDERED.

Dated: New York, New York
September 16, 2010

Richard J. Holwell
United States District Judge

4